```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 03, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

JOHN GARCIA,

                        Defendant.

-------------------------------------------------------X

19-CR-593 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant John Garcia, represented by the Federal Defenders, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Apr. Mot., ECF No. 45.) The Government opposes Garcia's motion. (Gov't Opp'n, ECF No. 47.) In addition, Garcia has filed a *pro se* motion for appointment of counsel to pursue a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] (Def.'s Mar. Mot., ECF No. 56.) For the reasons set forth below, Garcia's two motions are DENIED.

## BACKGROUND

      In June and July of 2019, Garcia committed five armed robberies of five different Boost Mobile stores in the Bronx, NY. (Presentence Investigation Report ("PSR") ¶¶ 2–7, 12, ECF No. 21.) On June 14, during the first robbery, Garcia displayed a firearm and stated to a Boost Mobile employee: "give me all the money or I'm going to shoot you." (*Id.* ¶ 14.) On July 10,

---

[1] Garcia does not reference 18 U.S.C. § 3582(c)(2) in his motion. The Court construes his motion as a request for appointment of counsel to pursue a motion to reduce his sentence pursuant to Section 3582(c)(2) because it is the proper mechanism through which he can seek to obtain a reduction in his sentence.

during the third robbery, Garcia racked the slide[2] of his firearm twice, demanded money from a Boost Mobile employee, and threatened to kill the employee. (*Id.* ¶ 19.) On July 12, during the fourth robbery, Garcia racked the slide of his firearm, demanded money from a Boost Mobile employee, and stated: "we can do this the easy way or I'm gonna shoot you." (*Id.* ¶ 23.) On July 14, during the final robbery, Garcia racked the slide of his firearm and stated to a Boost Mobile employee: "you have five seconds, give me all of the money from the counter or I'm gonna shoot you." (*Id.* ¶ 29.) In each of the five robberies, Garcia stole money and/or cellphones. (*Id.* ¶ 12.)

On July 16, 2019, Garcia was arrested in connection with unrelated New York State burglary charges and detained on Rikers Island. (*Id.* ¶ 38.) On August 12, 2019, Garcia was sent by writ to the Southern District of New York, and arrested in connection with the instant offense. (*See id.* ¶ 42; *see also* ECF No. 40 at 3.)

On June 3, 2020, Garcia pleaded guilty to five Hobbs Act Robbery counts pursuant to a plea agreement with the Government. (J. at 1–2, ECF No. 23; PSR ¶ 9.) On December 2, 2020, Judge Crotty sentenced Garcia to 48 months' imprisonment to be followed by three years of supervised release.[3] (J. at 3–4.) Judge Crotty ordered Garcia's sentence to "run concurrently with the sentence that will be imposed in the State of New York for Mr. Garcia's burglary conviction." (Sent'g Tr. at 25:8–13, ECF No. 26.)

On February 5, 2021, Garcia was returned to state custody. (ECF No. 40 at 1.) At that time, the United States Marshals Service ("USMS") lodged a federal detainer with state authorities at Rikers Island, requesting that they notify the USMS prior to Garcia's release so that the USMS could assume custody of Garcia to facilitate his service of any remaining time on his

---

[2] The Government explains that "[r]acking the slide of a firearm prepares it to be fired by moving a round of ammunition from the magazine to the chamber." (Gov't Opp'n at 5.)
[3] Based on an offense level of 26 and a criminal history category of V, Garcia's Guideline Range was 110 to 137 months' imprisonment. (PSR ¶ 124.)

federal sentence. (*Id.* at 1, 5.) A state official acknowledged receipt of the federal detainer. (*See id.* at 5.) Garcia was transferred subsequently from Rikers Island to Mohawk Correctional Facility ("Mohawk"). (*See id.* at 1.)

On April 11, 2022, Garcia was released from state custody after completing his service of his state sentence at Mohawk. (*Id.*) Prior to Garcia's release, however, state authorities did not notify the USMS of Garcia's impending release. (*Id.*) Garcia was released erroneously because, at the time of his release from state custody, Garcia had time left to serve on his federal sentence. (*Id.* at 2; *see also* Memo Endorsement, ECF No. 42; Gov't Opp'n at 14–15 & n.1.)

After he was released from state custody, Garcia began his term of federal supervised release, and he did not comply with its terms. Garcia, among other things, used drugs; failed to report to the United States Probation Department ("Probation"); made a false representation to Judge Crotty regarding his participation in an in-patient treatment program; missed a conference with Judge Crotty; and was discharged from an in-patient treatment program for failing to comply with that program's rules.[4] (*See* Gov't Opp'n at 8–14; Def.'s Apr. Mot. at 3; Tr. at 9:6–11, ECF No. 35.)

On March 17, 2023—approximately eleven months after Garcia had already commenced supervised release—a Supervisory Deputy United States Marshal from the USMS contacted the Government and stated that he believed that Garcia had time left to serve on his sentence. (ECF No. 40 at 1.) On March 22, 2023, the Government filed an *ex parte* letter requesting that Judge Crotty issue a warrant for Garcia's arrest. (*Id.*) Judge Crotty issued a warrant for Garcia's arrest

---

[4] In addition, Garcia was charged in connection with theft of property from a parked vehicle in the Bronx, (*see* Def.'s Apr. Mot. at 3; Gov't Opp'n at 12), but that case has since been dismissed and sealed. (Def.'s Suppl. Letter at 1 & Ex. A, ECF No. 52.) The Court's decision herein does not take that case into account.

3

that day. (Gov't Opp'n at 14.) On March 23, 2023, Garcia was taken into custody to serve the remainder of his sentence. (*Id.*)

On April 1, 2024, Garcia's case was transferred to the undersigned.

Garcia is currently incarcerated at USP Canaan in Pennsylvania, and his projected release date is June 21, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc// (last visited June 03, 2024).

## LEGAL STANDARD

### I.  Section 3582(c)(1)(A)

Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[5] *Id.* Third, the Section 3553(a) sentencing factors must support early release. *Id.*

### II.  Section 3582(c)(2)

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy

---

[5] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

4

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may not reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B.10(b)(2)(A) & cmt. n.3.

Effective November 1, 2023, in its Amendment 821, the Sentencing Commission amended the United States Sentencing Guidelines Manual. Part A amends Guidelines § 4A1.1, by reducing from two (2) points to one (1) point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points. Part B amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria.

## DISCUSSION

I. **Motion Pursuant to Section 3582(c)(1)(A)**

A. **Garcia's Motion is Properly Before the Court**

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Garcia has exhausted his administrative remedies. Garcia filed a request for compassionate release with the Warden of the Metropolitan Detention Center in Brooklyn, NY on March 29, 2023. (Def.'s Apr. Mot. at 1 n.1 & Ex. A.)

### B. The Section 3553(a) Factors Do Not Support Garcia's Release

Assuming, without deciding, that Garcia has demonstrated that an extraordinary and compelling reason exists to justify his release,[6] the Court denies Garcia's motion because the Section 3553(a) factors do not support his release. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (holding that "when a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

Garcia's difficult upbringing and history of substance abuse do not outweigh the need for his sentence to reflect the seriousness of his offense; or the need to deter Garcia, and others, from engaging in similar conduct in the future. (Sent'g Tr. at 23:23–24:1 (explaining that Garcia "had a terrible childhood. He was beaten. He was molested. He was deprived of caring parents . . . He's been addicted most of his life to heavy drugs"); *see also* Def.'s Reply at 4 (discussing Garcia's need for treatment). As Judge Crotty stated at sentencing, Garcia engaged in a "serious offense." (Sent'g Tr. at 24:6.) Garcia robbed five Boost Mobile stores at gunpoint which, as Judge Crotty stated, "must have instilled the greatest fear in the people that he was holding up." (*Id.* at 24:9–15.) Garcia's sentence is necessary to reflect the seriousness of his conduct,[7] and Garcia's sentence is necessary to discourage Garcia, and others, from engaging in similar behavior that threatens others.

---

[6] In his motion, Garcia argues that an extraordinary and compelling reason exists to justify his release because he "spent nearly 11 months at liberty due to government error and [requires] intensive drug treatment to assist him in maintaining his sobriety after a relapse while in the community[.]" (Def.'s Apr. Mot. at 1, 4, 6; Def.'s Reply at 2, ECF No. 51.)

[7] Garcia points to the fact that "no one was physically harmed" during the five robberies, but this fact does not alter the Court's view that Garcia's original sentence is necessary to reflect the seriousness of his offense. (Def.'s Reply at 4.)

Garcia's sentence is also necessary to promote respect for the law. As stated above, during the eleven months that Garcia was on supervised release, he was unable to abide by the terms of his release. Garcia, among other things, used drugs; failed to report to Probation; made a false representation to Judge Crotty regarding his participation in an in-patient treatment program; missed a conference with Judge Crotty; and was discharged from an in-patient treatment program for failing to comply with that program's rules. The Court finds that it is necessary for Garcia to complete his full term of incarceration to promote respect for the law, and to encourage him to abide by the terms of his supervised release after his term of incarceration concludes.

The Court recognizes Garcia's ongoing need for drug treatment; commends Garcia for having been drug-free for several months, (*see* Def.'s Suppl. Letter at 1); and wishes Garcia continued success during his term of incarceration, and in the years that follow. However, the Court views Garcia's sentence of 48 months' imprisonment, which is already far below his Guideline Range of 110 to 137 months' imprisonment, as an appropriate sentence.

The Court finds that the Section 3553(a) factors weigh against Garcia's release.

## II. Motion for Appointment of Counsel to Pursue Sentence Reduction Pursuant to Section 3582(c)(2)

On May 10, 2024, Probation issued a report stating that Garcia is ineligible for a sentence reduction. The Court adopts Probation's findings. (*See* Suppl. PSR, ECF No. 57.) Garcia is ineligible for a reduction in his sentence pursuant to Amendment 821 Part A because he did not receive an enhancement for committing the instant offense while under any criminal sentence. (*Id.* at 2.) Garcia is ineligible for a reduction in his sentence pursuant to Amendment 821 Part B because he is not a zero-point offender. (*Id.*)

7

Because Garcia is ineligible for a sentence reduction pursuant to Amendment 821, his motion for appointment of counsel is denied. *See United States v. Cirineo*, 372 F. App'x 178, 179–80 (2d Cir. 2010) (summary order) (explaining that a court does not abuse its discretion in denying a defendant's motion for appointment of counsel "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence" pursuant to Section 3582(c)(2)).

## CONCLUSION

For the foregoing reasons, Garcia's motion for compassionate release pursuant to § 3582(c)(1)(A) and his motion for appointment of counsel to pursue a reduction in his sentence pursuant to § 3582(c)(2) are DENIED. The Clerk is respectfully requested to close the pending motions at ECF Nos. 45 and 56 and to mail a copy of this Opinion & Order to Garcia.

SO ORDERED.

Dated: New York, New York
       June 03, 2024

                                         */s/ Kimba M. Wood*
                                         KIMBA M. WOOD
                                         United States District Judge